BOYD, Justice,
concurring specially.
Normally I would agree with the majority and with the Board of Governors that the misconduct of respondent merits disbarment. However, I think it is our duty to take into consideration the fact that the funds provided by respondent’s parents were used to repay all persons from whom he improperly took money.
It is my view that the public interests of this state would be better served if lawyers who have returned funds improperly taken from their clients were given less harsh *1019 penalties than those who steal and retain such funds. Under such conditions suspension instead of disbarment will encourage dishonest attorneys to make their clients whole as a means of reducing discipline.
Since respondent will be required to prove rehabilitation before resuming the practice of law adoption of the referee’s recommended discipline would not assure his return to the practice of law. I concur in the finding of guilt, but instead of disbarment I would favor suspension as recommended by the referee.
ADKINS, J., concurs.